**John D. MURCHISON and Clint W. Murchison, Jr., copartners, d/b/a Murchison Brothers, and Gerard L. Fossland, as stockholders of Alleghany Corporation, on behalf of themselves and all other stockholders similarly situated, Plaintiffs,**

v.

**Allan P. KIRBY, Randolph Phillips, Fred M. Kirby, Charles T. Ireland, Jr., Charles T. Hill, Alfred E. Perlman, William G. Rabe, Joseph M. Fitzsimmons, Anthony Smith and Alleghany Corporation, Defendants.**

United States District Court
S. D. New York.
Dec. 28, 1961.

See also 27 F.R.D. 14.

Randolph Phillips, defendant pro se, in support of the motion.

Townley, Updike, Carter & Rodgers, New York City, by Stuart N. Updike, Satterlee, Warfield & Stephens, New York City, of counsel, for plaintiffs in opposition.

Donovan, Leisure, Newton & Irvine, New York City, by Walter L. Stratton, New York City, for defendant Allan P. Kirby.

DAWSON, District Judge.

This is a motion by the defendant Phillips for an order disqualifying F. W. H. Adams, Esq., and the firm of Satterlee, Warfield & Stephens from acting as counsel for plaintiffs herein.

The action is one brought by the plaintiffs to set aside a settlement pursuant to which defendant Kirby, upon the payment by him of $1,100,000 was released by Alleghany Corporation of all claims asserted against him in prior derivative actions. The charge made in the complaint is that the settlement was the product of a conspiracy and corrupt agreement between defendant Kirby, then Alleghany's president, defendant Ireland, its Executive Vice President, and defendant Phillips, under which Kirby was released from liability to Alleghany for a sum much below what he would have had to pay except for their alleged fraudulent conduct. It is alleged that the settlement was consummated through fraud perpetrated upon both this Court and the State Court where the derivative actions were pending.

In the motion now before the Court defendant Phillips seeks to disqualify F. W. H. Adams and Satterlee, Warfield & Stephens, the New York law firm of

which he is a partner, from acting as counsel for the plaintiffs herein. He does not take the position that the complaint does not state a cause of action or that the action should be dismissed, but rather that plaintiffs should be deprived of one of the counsel who has been working on their case.

Phillips based his motion upon a lengthy affidavit detailing what he says constitute violations by Adams of the Canons of Professional Ethics, American Bar Association.

It may be pointed out, as the Court did on the argument, that this is rather a strange procedure in that the moving party seeks not a definitive relief in connection with the action to which he is a party, but rather the collateral relief of depriving plaintiffs of their counsel. Lengthy and elaborate affidavits have been filed both for and against the motion. The facts alleged in Phillips' affidavit in support of the motion are directly contradicted by affidavits filed on behalf of Adams. Adams is a well known attorney who has served in important public posts both for the Federal Government and the City of New York. He has a high reputation for professional competence and integrity. To disqualify such a lawyer from representing a client in an action of this nature might seriously injure the reputation and professional standing of the lawyer and cause incalculable damage to his career. Certainly an issue of this significance cannot be determined on conflicting affidavits. To set the matter down for a hearing and trial would require the production of evidence, much of which will be presented in the principal case when it is brought on for trial. The Court would face the necessity of trying the same issue twice— once on the motion for disqualification and then, secondly, on the principal action itself. To take up the time of the Court to try issues in duplicative actions is not good judicial administration.

The Court should first determine whether, even assuming the facts alleged by Phillips are true (concerning which the Court makes no finding), Phillips, as moving party, has the status to bring on this motion. Phillips does not claim that he was at any time represented by Adams or that Adams stands in a fiduciary relationship to him. We have, therefore, a situation where Phillips, as defendant, is seeking to disqualify Adams as attorney for plaintiffs solely on the ground that Adams violated the Canons of Ethics in matters not related in any way to any attorney-client relationship involving Phillips. While, of course, any member of the public may present an accusation of breach of professional conduct against an attorney to the appropriate bar association or other organization having jurisdiction over attorneys, this does not mean that he may come into court in an action in which he is an interested party and seek to disqualify the opposing attorney, solely on the ground of violation of the Canons of Ethics.

See Otis & Co. v. Pennsylvania R. R. Co., 57 F.Supp. 680, 684 (E.D.Pa.1944), aff'd 155 F.2d 522 (3d Cir. 1946):

"In my opinion there is no reason to require removal of counsel as petitioned. The corporation, as an interested party having a right to appear and defend, may select such counsel as it chooses. Moreover, there is no allegation of any breach of confidence or trust of which either the corporations or the individual defendants complain. In any event, it is doubtful whether plaintiff is the proper party to complain, since the attorneys hold no confidence belonging to it."

See also Riley v. Bradley, 252 Ala. 282, 41 So.2d 641, 644 (1948):

"The principle seems to be fully established that only a party who sustains the relation of client to an attorney, who undertakes to represent conflicting interests, may be entitled to object to such representation for that reason alone."

See also 7 C.J.S. Attorney and Client § 47, p. 827:

"Only a party who sustains a relation of client to an attorney who

**124**

undertakes to represent conflicting interests may be entitled to object to such representation."

The case of Marco v. Dulles, 169 F. Supp. 622 (S.D.N.Y.1959), relied upon by Phillips, was one where judicial inquiry was made into the propriety of an attorney's representation of a client against a former client over the opposition of the former client. Absent a complaint by the former or present client the moving party has no status to object to the representation of the adverse party by an attorney of his choice. Any complaints he may have as to violation of the Canons of Ethics should be made by him to the proper bar association, in accordance with the provisions of the New York Judiciary Law, McKinney's Consol.Laws, c. 30, § 90.

The motion is denied. So ordered.