563 F.2d 671
 BROWN & WILLIAMSON TOBACCO CORPORATION, Plaintiff,
v.
DANIEL INTERNATIONAL CORPORATION, Defendant and Third-Party Plaintiff,
v.
LOCKWOOD-GREENE ENGINEERS, INC., Third-Party Defendant and
Fourth-Party Plaintiff.
OMAN CONSTRUCTION CO., INC., Third-Party Defendant and
Fourth-Party Plaintiff, Appellee,
v.
PASCOE STEEL CORPORATION, Fourth-Party Defendant and
Fifth-Party Plaintiff, Appellant.
OAK CONSTRUCTORS, INC., Fourth-Party Defendant and
Fifth-Party Plaintiff, Appellee,
v.
LOCKWOOD-GREENE ENGINEERS, INC., et al., Fifth-Party Defendants.
 No. 77-1949
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Nov. 18, 1977.
 Larry S. McReynolds, Kenneth E. Estes, Atlanta, Ga., for fourth-party defendant and fifth-party plaintiff, appellant.
 George C. Grant, Cubbedge Snow, Jr., Macon, Ga., for Oman Constr. & Oak Constr. Inc.
 John L. Chambers, Nashville, Tenn., for third-party defendant and fourth-party plaintiff, appellee.
 Appeal from the United States District Court for the Middle District of Georgia.
 Before AINSWORTH, MORGAN and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is part of a pretrial skirmish in a complex lawsuit arising out of a construction dispute. The issue now before us is whether the trial court erred in denying a motion to disqualify attorneys from representing supposedly adverse litigants. The trial court's action is appealable. See Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Wilson P. Abraham Construction Corp. v. Armco Steel Corp., 559 F.2d 250 ((5th Cir., 1977)); Woods v. Covington County Bank,537 F.2d 804, 809-10 (5th Cir. 1976). And appellant has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations committed in the case. See In re Gopman, 531 F.2d 262, 265-66 (5th Cir.), rehearing en banc denied, 542 F.2d 575 (5th Cir. 1976). An adumbration of the facts follows.
 
 
 2
 Brown & Williamson Tobacco Corporation selected Daniel International Corporation as its prime contractor to build a cigarette manufacturing facility. Daniel engaged Oman Construction Company to fabricate part of the manufacturing complex, a twelve-acre warehouse. Oman in turn subcontracted its entire obligations to Oak Constructors, Inc. These last two companies are closely affiliated, sharing the same corporate officers and substantially the same directors and stockholders; they also operate from the same offices with identical staff. Upon completion of the warehouse, Brown & Williamson sued Daniel for defective construction. Daniel then impleaded Oman, which itself filed fourth-party actions against Oak and Pascoe Steel Corporation, the latter being under contract to Oak to provide structural steel and accessories for the facility. To complete the series of "downstream" suits, Oak brought a fifth-party action against Pascoe for furnishing defective materials. Objecting that Oman and Oak have retained the same counsel, Pascoe unsuccessfully besought the trial court not only to disqualify that counsel from representing either party but also to strike the pleadings filed against Pascoe and to dismiss it from the proceeding. Finding no abuse of discretion and fully agreeing with the trial court's decision,[1] we affirm the refusal to grant this relief.
 
 
 3
 Pascoe argues that since Oman has sued Oak they cannot have the same attorneys. Ordinarily, of course, the Code of Professional Responsibility forbids counsel from representing opposing litigants, see Disciplinary Rule 5-105(B); Ethical Consideration 5-15, the purpose of this prohibition being to protect individual litigants, see Milone v. English, 113 U.S.App.D.C. 207, 306 F.2d 814, 817 (1962), as well as to maintain the integrity of the legal system, see Richardson v. Hamilton International Corp., 469 F.2d 1382, 1385-86 (3d Cir. 1972), cert. denied, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); United States v. Trafficante, 328 F.2d 117, 120 (5th Cir. 1964). When an attorney's loyalties are divided between adverse parties, he or she can rarely represent either client adequately and is likely to guide the suit to an unsatisfactory resolution.
 
 
 4
 While we agree with Pascoe's denunciation of joint legal representation for adverse parties, we find no conflict of interest in the present case and thus no reason to disqualify the challenged attorneys. Cf. Dallas Cabana, Inc. v. Collier, 469 F.2d 606, 608 (5th Cir. 1972), cert. denied, 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973). Oman and Oak have substantial identity of interests; the capital stock of each is owned by the same three members of one family, with the exception of a miniscule interest held by the children of two of the three co-owners. Although both companies deny any defect in the manufacturing facility, if a deficiency is found, they have agreed to contend that the fault rests solely with Pascoe. In fact, the only reason Oman has sued Oak is to make possible the impleader of Pascoe as a fifth-party defendant.
 
 
 5
 Because no conflict of interests exists between Oman and Oak, requiring each to retain separate counsel would have absolutely no effect in this case, other than to waste time and money. We reject Pascoe's argument that, if Oak had its own attorneys, it would more vigorously defend against Oman's suit, which would incidentally benefit Pascoe. This assertion simply ignores the reality that Oak has no reason to thwart Oman's claim. A legal victory for Oak would be a defeat for its own stockholders if the judgment were obtained at Oman's expense. We must likewise reject Pascoe's contention that breaches of confidentiality will result from the companies' joint representation. Pascoe certainly will share no confidences with Oak merely because both are fourth- party defendants, and, just as surely, there can be no unshared confidences as between Oak and Oman, given the identity of their shareholders, directors and officers.
 
 
 6
 Finally, Pascoe argues that, absent any adversariness between Oman and Oak, the former's impleaded action against the latter is without federal jurisdiction because it is not a "case or controversy" under Article III of the Constitution.[2] This argument is unpersuasive. Viewed in its entirety, this suit can hardly be called hypothetical or abstract, see North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), quoting Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 240-41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); nor is it a "friendly" proceeding devoid of any antagonistic assertion of rights, see United States v. Johnson, 319 U.S. 302, 63 S.Ct. 1075, 87 L.Ed. 1413 (1943). The trial below will decide whether a twelve-acre roof is defective and, if so, who will pay for its costly repair. While the single suit between Oman and Oak may appear to lack antagonism when considered separately, as we have said before in reference to ancillary jurisdiction, a claim is decidable "when a federal court is presented with issues or parties so closely related to a matter over which it has jurisdiction as to be part of a single Article III 'case.' " Warren G. Kleban Engineering Corp. v. Caldwell, 490 F.2d 800, 802 (5th Cir. 1974). Undoubtedly, the suit below is a single Article III "case."
 
 
 7
 For the reasons above, we affirm the trial court's dismissal of appellant's motion to disqualify the attorneys representing Oman and Oak.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Cas. Co., 431 F.2d 409 (5th Cir. 1970) (pt. I)
 
 
 [1]
 This circuit has not clearly chosen the standard by which it reviews a trial judge's decision to disqualify, or not to disqualify, an attorney accused of unethical conduct. One panel has applied the abuse of discretion standard. See In re Gopman, 531 F.2d 262, 266 (5th Cir.), rehearing en banc denied, 542 F.2d 575 (5th Cir. 1976). Another has applied the "clearly erroneous" test to fact issues while suggesting careful review of a trial court's rulings on ethical violations. See Woods v. Covington County Bank, 537 F.2d 804, 810 (5th Cir. 1976). Both of these standards yield the same result in this case
 
 
 [2]
 We must proceed to this question because we have jurisdiction over this appeal only if the trial court has jurisdiction in the underlying case. Although the trial court did not rule on the issue of justiciability, it is jurisdictional, see Pressley v. Wainwright, 540 F.2d 818, 821 n.9 (5th Cir. 1976), cert. denied, 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977), and can be raised at any point, see, e. g., Moore v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 47, 91 S.Ct. 1292, 28 L.Ed.2d 590 (1971)