Arthur ALTSCHUL and Ida
Altschul, Plaintiffs,

v.

PAINE WEBBER, INCORPORATED and
Paine, Webber, Jackson & Curtis, Incorporated, Defendants and Third-Party Plaintiffs,

v.

Richard J. ALTSCHUL, Third-Party
Defendant.

No. 79 Civ. 2852 (MEL).

United States District Court,
S. D. New York.

April 30, 1980.

Norman K. Rosen, New York City, for plaintiffs and third-party defendant.

Beekman & Bogue, New York City, for defendants and third-party plaintiffs; Martin P. Unger, Eugene H. Gleason, New York City, of counsel.

LASKER, District Judge.

Arthur and Ida Altschul commenced this action in June, 1979, against Paine -Webber, Jackson & Curtis Incorporated, and its parent, Paine Webber Incorporated (Paine Webber) claiming violations of federal securities regulations and common law negligence. The gist of the complaint is that Paine Webber through misrepresentations and other wrongs depleted plaintiffs' securities account.

Paine Webber brought a third party claim against plaintiffs' son, Richard Altschul (Richard), who was employed by Paine Webber as a registered representative to service his parents' account. Paine Webber claims that it is entitled to indemnification from Richard in the event that it is held liable to plaintiffs.

Plaintiffs and Richard are both represented in this action by Norman K. Rosen, who was retained by the Altschul family in the fall of 1978. In September 1979, Paine Webber moved to disqualify Rosen from representing either plaintiffs or Richard. The motion was granted on default.

Rosen moves to vacate the default and for an order denying the motion to disqualify. It should be noted that both plaintiffs and Richard have consented to Rosen's continuing representation of them in this matter. Paine Webber opposes the motion to vacate and in the event that Rosen's motion to vacate is granted, asks that its original motion be granted.

I.

■ A district court is authorized on motion to "relieve a party or legal representative from a final judgment, order, or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed.R.Civ.Proc. 60(b). Moreover Rule 60 (b) is "a remedial rule to be liberally construed." 7 Moore's Federal Practice ¶ 60.22(2) at 247 (2d ed. 1979). Rosen states in his affidavit that because Paine Webber's motion papers were voluminous and because his associate, who had been assisting him in this matter, was called away from New York, he was unable to complete the necessary research and paper work in time to meet the return date of the motion. Although not exemplary in this case, Rosen's conduct is excusable though barely so. Moreover, this case is young; such discovery as has occurred has not been extensive. The motion to vacate was filed within 24 days of the default ruling. Furthermore, there is a strong judicial interest in resolving legal issues on their merits, especially where as here the party in default presents a meritorious posi-

tion. *See United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977) (motion to vacate granted since mental disorder induced counsel to neglect his duties); *Daily Mirror, Inc. v. New York News, Inc.*, 533 F.2d 53 (2d Cir. 1976) (motion to vacate denied in view of pattern of negligent conduct in four year old lawsuit). Accordingly, the motion to vacate is granted on condition that plaintiffs and their counsel fulfill all future obligations in this litigation on a timely basis.

## II.

■ In support of its motion to disqualify, Paine Webber contends that Rosen cannot fulfill his obligation to protect the interests of both clients since it is in the interest of plaintiffs to secure a recovery against Richard as well as Paine Webber.[1] Plaintiffs' and Richard's consent to joint representation is ineffective, Paine Webber argues, because it was procured without the advice of independent counsel. Rosen is thus in the unethical predicament of having to serve two masters with conflicting interests requiring his disqualification as counsel for both clients under Canons 5 and 9 of the Lawyer's Code of Professional Responsibility.[2] Paine Webber asserts further that because Rosen cannot represent both clients he must also be disqualified under Canons 4 and 9 from representing either client; otherwise Rosen would be in a position to use the privileged confidences of either plaintiffs or Richard to the disadvantage of the former client.[3]

*Canon 5*

■ The flaw in Paine Webber's argument is that it incorrectly characterizes the relationship between plaintiffs and Richard. Although joint representation of clients with conflicting interests, without each

client's informed consent, warrants disqualification, *Fund of Fund v. Arthur Andersen Co.*, 567 F.2d 225 (2d Cir. 1977) (attorney for plaintiff disqualified since attorney's firm represents defendant in factually related case); *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir. 1976) (attorney for plaintiff disqualified since attorney's firm represents defendant in factually related case), in this case no such conflict of interest exists. The plaintiffs state in their affidavit that they have no wish to sue their son Richard. Affidavit of Arthur and Ida Altschul, ¶ 6 (December 3, 1979). Richard similarly states that he has no desire to sue his parents. Affidavit of Richard J. Altschul, ¶ 6 (December 3, 1979). Both plaintiffs and Richard claim furthermore, that it was Paine Webber's failure in supervision that proximately caused them damage. Thus Rosen's sole objective for both clients will be to prove that Paine Webber mismanaged the account and that Richard did not. Rather than adverse, plaintiffs' and Richard's interests are parallel, removing any possibility that Rosen would have to compromise his obligation to provide undivided loyalty to each client.

Paine Webber's contention that if Richard had independent representation he would actively participate in the defense ignores the fact that Richard's avowed and exclusive interest lies with his parents. *See Aetna Casualty & Surety Co. v. United States*, 570 F.2d 1197 (4th Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) (Justice Department could represent both the United States Government and four FAA employees, third party defendants where no conflict of interest existed); *Brown & Williamson Tobacco Corp. v. Daniel International Corp.*, 563 F.2d 671 (5th Cir. 1977) (attorney for fourth-party plain-

---

1. Although not disputed by the parties, Paine Webber does have standing to bring this motion. Competence to raise disqualification is not limited to former or aggrieved clients. Ethical misconduct is a matter of public concern implicating the integrity of the bar and any party "who is aware of the facts which give rise to the issue is duty bound to to present the matter to the proper forum . . ." *Estates Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 345 F.Supp. 93, 98 (S.D.N.Y.1972).

2. Canon 5 provides:
   "A lawyer should exercise independent professional judgment on behalf of a client."
   Canon 9 provides:
   "A lawyer should avoid even the appearance of professional impropriety."

3. Canon 4 provides:
   "A lawyer should preserve the confidences and secrets of a client."

tiff could also represent fourth-party defendant where no conflict of interest existed). *But see Chateau De Ville Productions v. Tams-Witmark Music,* 474 F.Supp. 223 (S.D.N.Y.1979) (attorney could not represent plaintiff and defendant, an alleged co-conspirator in alleged antitrust violations).

■ The argument that plaintiffs' and Richard's consent is ineffective because it was procured without the advice of independent counsel also assumes that plaintiffs and Richard stand in truly adverse positions. Here there is no need for advice from independent counsel because there is no conflict of interest present; more fundamentally, plaintiffs and Richard have the right to choose their own counsel. In any event, the need for advice by independent counsel appears unnecessary since, before sanctioning dual representation, the court always has an obligation to determine whether the client's consent was intelligent.

In sum, Rosen's representation of plaintiffs and Richard does not constitute a violation of Canon 5 since plaintiff and Richard have consented to Rosen's representation and since there is no conflict between their positions.

*Canon 4*

■ That Rosen can represent both plaintiffs and Richard necessarily disposes of Paine Webber's contention that Rosen's total disqualification would be required under Canon 4. Further, Rosen's continued joint representation in this case presents no conflict with Canon 4 that may subsequently arise; plaintiffs and Richard have each for the benefit of the other expressly waived their attorney-client privilege, *Cinema 5, Ltd. v. Cinerama, Inc., supra,* at 1386, and Paine Webber is not a former client of Rosen, *International Electronics Corp. v. Flanzer,* 527 F.2d 1288 (2d Cir. 1975) (Canon 4 did not disqualify defendant's law firm where plaintiff was neither a former nor present client of that firm).

*Canon 9*

Finally, there is no violation of Canon 9. This case presents no issues of public significance nor will the joint representation au-

thorized constitute an infectious precedent. Most significantly, there is no "appearance of impropriety" in this case for plaintiffs and Richard have simply and openly exercised their right to choose their own counsel.

The Court of Appeals of this Circuit has recently observed that because disqualification of an attorney has an "immediate adverse effect" on the client's right to choose his own counsel and because most disqualification motions are "interposed for purely tactical reasons," courts should be hesitant to grant motions to disqualify. *Board of Education v. Nyquist,* 590 F.2d 1241, 1246 (2d Cir. 1979) (attorney could represent defendant though adversary defendant indirectly contributes to the payment of first defendant's legal fees). Only in those rare instances where an attorney's conduct would "taint the underlying trial . . ." is disqualification appropriate. *Id.* at 1246.

For the reasons stated above, however, this case is not one of those instances. The motion to disqualify is therefore denied.

It is so ordered.