**Ferdinand TADIER, Individually and as Administrator of the Estates of Victoire Elaine Tadier and Jean-Luc Tadier, et al., Plaintiffs,**

**v.**

**AMERICAN PHOTOCOPY EQUIPMENT CO., Defendant.**

**No. 81 Civ. 1054 (CBM).**

United States District Court, S. D. New York.

Nov. 30, 1981.

---

Kiel & Boylan by John J. Boylan, III, Springfield, Vt., Gaffin & Mayo, P.C., New York City, for plaintiffs.

Julian R. Wilheim, Chicago, Ill., Isidore A. Seltzer, New York City, for defendant.

OPINION

MOTLEY, District Judge.

This is an action for wrongful death and personal injuries arising out of an automobile accident in which a car driven by plaintiff, Ferdinand Tadier, collided with a truck trailer. At the time of the accident, the car driven by Tadier was hauling a house trailer manufactured by defendant American Photocopy Equipment Company. Tadier's wife and son were killed in the accident. A daughter survived the accident.

Defendant moved for an order dismissing the complaint or, in the alternative, staying the action until an earlier federal action filed in the United States District Court, District of Vermont, had been decided. Both motions were denied on October 23, 1981. The motion to dismiss the complaint was grounded on plaintiffs' failure to comply with this court's Local Rules 2(c) and 3(a) with respect to the designation of local counsel. While plaintiffs' attorney, Mr. Boylan, had not adequately complied with these rules prior to the date on which oral argument was heard on defendant's motions, Mr. Boylan cured this error on the date of argument by appearing with local counsel whom he designated to receive service of all papers in this action. This court had previously granted Mr. Boylan's petition for admission *pro hac vice* on the condition that the local rules be complied with. As they were complied with on the date of oral argument, defendant's motion to dismiss on this ground was denied.

The ground for defendant's motion to stay this action was that another substan-

tially identical action had been filed by Mr. Boylan on behalf of plaintiffs in the United States District Court, District of Vermont, twelve days before the instant action was filed. Mr. Boylan's explanation for filing two actions was that he was unsure as to whether this court or the Vermont District Court had jurisdiction. Mr. Boylan agreed in this court, on the day of oral argument, to immediately discontinue the Vermont District Court action. Upon the condition that he do so on October 26, 1981, this court denied defendant's motion to stay the instant action.

On October 23, 1981, defendant then moved to disqualify plaintiffs' attorney, Mr. Boylan, because of an alleged conflict of interest with respect to Mr. Boylan's appearance in a related action filed in the *state* court in Vermont. For the reasons set forth below, defendant's disqualification motion is denied.

*Facts*

The facts relevant to the instant motion to disqualify can be summarized as follows. On May 21, 1981, plaintiff Ferdinand Tadier filed an application for the appointment of an administrator of the estates of his deceased wife and deceased minor son in the Vermont Probate Court. The Probate Court issued letters of administration to William E. Dankin, Jr.

In August, 1980, an action was filed in the Superior Court of Vermont by Dankin and by Florence Tadier, a plaintiff here (and a daughter of Ferdinand Tadier who survived the accident) against Ferdinand Tadier, also a plaintiff here (her father), and the owner of the truck trailer that collided with plaintiff's car. Plaintiffs in the Vermont state court action are represented by the law firm of Kiel, Freeman & Boylan, by John J. Boylan, III. The complaint alleges, *inter alia*, that Ferdinand Tadier was negligent in operating his motor vehicle at the time of the accident in question.

The instant action was filed in this court by Kiel, Freeman & Boylan, by John J. Boylan, III, the same attorney who represents the Vermont plaintiffs *against* Ferdinand Tadier in the Vermont state court action. Here, Ferdinand Tadier, suing as administrator and individually, and Florence Tadier, his daughter, sue American Photocopy Equipment Company, the manufacturer of the house trailer that Ferdinand Tadier was hauling on the day of the accident. The instant complaint essentially alleges breach of warranty, strict liability and negligence on the part of American Photocopy.

*Discussion*

At the outset, it should be noted that this court is highly doubtful that defendant has standing to seek the disqualification of plaintiffs' attorney. In *Murchison v. Kirby*, 201 F.Supp. 122 (S.D.N.Y.1961), the defendant made a similar motion to disqualify the plaintiffs' attorney solely on the ground that the attorney had violated the Canons of Ethics in matters not related in any way to the attorney-client relationship involving the defendant. In denying the motion, the court held that only a party who sustains a relation of client to an attorney who undertakes to represent conflicting interests is entitled to object to such representation:

> Absent a complaint by the former or present client the moving party has no status to object to the representation of the adverse party by an attorney of his choice.

*Id.* at 124. There is, however, authority indicating a contrary conclusion. *See Altschul v. Paine Webber, Inc.*, 488 F.Supp. 858, 860 n. 1 (S.D.N.Y.1980). Accordingly, this court will reach the merits of defendant's motion.

In this Circuit, courts have shown considerable reluctance to disqualify attorneys despite misgivings about an attorney's conduct. As noted in *Board of Education v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979), "[t]his reluctance probably derives from the fact that disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons [citations omitted]. And even when made in the best of faith, such motions inevitably cause delay."

The court in *Nyquist*, accordingly, adopted a very strict standard for motions such as the instant one: Unless an attorney's conduct tends to "taint the underlying trial," the court should be quite hesitant to disqualify him. 590 F.2d at 1246. Where there is no claim that the trial will be tainted, the appearance of impropriety, alone, "is too slender a reed on which to rest a disqualification order except in the rarest case." *Id.* at 1247. *Accord Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981).

Here, defendant makes no claim that the trial will be tainted but, instead, points to the impropriety of Mr. Boylan's representation of conflicting interests. The governing disciplinary rule is DR 5–105(B) of the Code of Professional Responsibility, which provides:

> A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent provided under DR 5–105(C).

Disciplinary Rule 5–105(C) states:

> A lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

Defendant has pointed to no facts which indicate that Mr. Boylan will be unable to adequately represent plaintiffs in this case. Further, Mr. Boylan has represented to this court that all of the parties he represents in this action and in the state court action have been made aware of the multiple representation and have consented to it. Under such circumstances, disqualification is not necessary. *See Estates Theatres, Inc. v. Columbia Pictures Industries Inc.*, 345 F.Supp. 93, 99 (S.D.N.Y.1972) (lawyer should not represent conflicting interests "at least in the absence of the express consent of both clients."); *ABA Opinion 247* (1942) (attorney could not represent conflicting interests unless he obtained "the express consent of all concerned given after a full disclosure of the facts.").

This court has concluded that it is not necessary to reach the "tainted" trial issue at this early juncture. It is entirely possible that the action now pending in the Vermont state court will be settled before the action in this court proceeds to trial. If this occurs, any prospective taint may well disappear. Alternatively, the action in this court could be settled or proceed to trial and judgment before the action in the state court does. Again, such occurrences could remove any taint of the trial in the Vermont state court if the instant action is settled, or if Ferdinand Tadier should be found free from contributory negligence in the instant action.

This court is mindful of the need to "preserve a balance, delicate though it may be, between an individual's right to his own freely chosen counsel and the need to maintain the highest ethical standards of professional responsibility." *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562 (2d Cir. 1973). This case is not, however, one in which disqualification is mandated at this time.

The motion for disqualification of plaintiffs' counsel is denied without prejudice.