**Hugh L. HAMILTON, et al., Plaintiffs,**

v.

**MERRILL LYNCH, et al., Defendants.**

Civ. A. No. 85–3563.

United States District Court,
E.D. Pennsylvania.

Sept. 8, 1986.

Alan Turner, Philadelphia, Pa., for plaintiffs.

C. Clark Hodgson, Philadelphia, Pa., for Merrill Lynch.

Jean Hemphill, Philadelphia, Pa., for Janansky.

Edward Toole, Philadelphia, Pa., for Lampe.

Steven Kapustin, Philadelphia, Pa., for Parham.

Steven M. Robinson, Medford, N.J., for Santoro.

David Griesing, Philadelphia, Pa., for Sindebrand.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiffs, represented by a single attorney, allege that defendants engaged in fraudulent activities in connection with the sale of securities in drilling operations. Defendant, Edward Janansky, has filed a counterclaim against plaintiff, Harry J. Santoro, alleging that Santoro is responsible for the injuries to the plaintiff investors. Janansky, joined by the other defendants, has also moved to disqualify plaintiffs' counsel on the basis that one attorney cannot represent the claims of Santoro and the other plaintiffs.[1]

■ Plaintiffs' choice of counsel is entitled to substantial deference. The court should not quickly deprive plaintiffs of their freedom to choose the advocate who will represent their claims, nor lightly dismiss the trust and confidence plaintiffs have placed in their chosen counsel. Additionally, the court must prevent litigants from using motions to disqualify opposing counsel for tactical purposes. For these reasons, motions to disqualify opposing counsel generally are not favored. *See*

Board of Education v. Nyquist, 590 F.2d 1241, 1246 (2d Cir.1979); Como v. Commerce Oil Co., Inc., 607 F.Supp. 335, 342 (S.D.N.Y.1985).

At the same time the court has a duty to assure that attorneys observe the ethical obligations set forth in the ABA Code of Professional Responsibility. Specifically, Disciplinary Rule 5–105(B) provides:

A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5–105(C).

Subsection C of that rule provides:

... a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

Both of these requirements are satisfied.

■ First, it is obvious that plaintiffs' counsel, an experienced and well-respected trial attorney, can adequately represent the interests of each of the plaintiffs, who agree that the defendants, rather than Santoro, engaged in the fraudulent activity which caused their injury. The defendants' identification of another party, Santoro, as the perpetrator of fraud is neither surprising nor a valid basis for disqualifying plaintiffs' chosen counsel.

■ While the facts gleaned through the discovery process may reveal that the plaintiffs have colorable cross-claims against Santoro, the plaintiffs are not obligated to pursue all potential claims against all potential parties. Neither are they obligated to retain separate counsel, who will more vigorously pursue cross-claims against each other, rather than joint coun-

1. Santoro is represented by separate counsel on the counterclaim.

sel, who will adequately represent their substantially common interests. This is particularly true here where the plaintiffs are family members and business partners who may wish to balance these interests against the interest of pursuing every conceivable avenue of recovery.

In short, where plaintiffs' similar interests are being adequately represented, I will not compel them to forfeit their choice of counsel so that they are free to pursue potential claims which they have no interest or obligation to pursue. *See Brown & Williamson Tobacco Corp. v. Daniel International Corp.*, 563 F.2d 671, 673 (5th Cir.1977) (joint representation of third and fourth party defendants allowed where stock of both parties was owned by family members, both parties had substantial identity of interests, and both parties denied liability and placed fault on fifth party defendant); *Como*, 607 F.Supp. at 342–43 (joint representation of plaintiffs in securities action allowed where defendants argued that one of plaintiffs, rather than defendants, made material misrepresentations to the other plaintiffs); *Altschul v. Paine Webber, Inc.*, 488 F.Supp. 858, 860–61 (S.D.N.Y.1980) (joint representation of parents and son allowed in securities action against broker, who had employed son, where broker filed third party claims against son, and all plaintiffs sought to prove that broker, and not the son, mismanaged the account).

 Second, each of the plaintiffs has consented to joint representation after full disclosure of the possible effect of such representation, and after obtaining the advice of independent counsel. Moreover, each of the non-party limited partners of HJS Oil Ltd., 1983 has consented to the joint representation after full disclosure. *See Como*, 607 F.Supp. at 342–43 (where plaintiffs have knowledge of possible conflict of interest and nevertheless affirm their desire for joint representation, the court should be reluctant to disqualify their chosen counsel); *Kerry Coal Co. v. U.M. W.A.*, 470 F.Supp. 1032, 1036 (W.D.Pa. 1979) (same). *See also Altschul*, 488

F.Supp. at 861 (advice of independent counsel not required).

## ORDER

AND NOW, this 8th day of September, 1986, it is hereby ordered that the motion of defendants to disqualify plaintiffs' attorney is denied.