■ DAVID FISCHER et al., Respondents, v ZALMAN DEITSCH et al., Defendants and Third-Party Plaintiffs-Appellants. DAVID FISCHER et al., Third-Party Defendants-Respondents. [605 NYS2d 703] —In an action, *inter alia,* for a judgment declaring the respective interests of the parties in a corporation, the defendants and third-party plaintiffs Zalman Deitsch, Zalman Chanin, Elchanan Geisinsky, Joshua Lauffer, and Zussman Rivkin appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated December 10, 1992, as granted the cross motion of the plaintiffs and the third-party defendants to disqualify their counsel.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the cross motion is denied.

Although in some cases attorneys should be discouraged and even barred from representing multiple parties whose interests could prove to be adverse, there are also many instances where representation of multiple clients is completely proper *(see, Como v Commerce Oil Co.,* 607 F Supp 335, 342). "[A] lawyer may represent multiple clients if it is obvious that the lawyer can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each" (Code of Professional Responsibility DR 5-105 [C] [22 NYCRR 1200.24 (c)]).

Crown Heights Jewish Community Council (hereinafter Community), and Chevra Machziket H'Shechuna, the plaintiffs in a Federal action brought against David Fischer and

others, have a substantial identity of interests with the various individual stockholders and entities involved in the several actions pending in State court. These parties allege, *inter alia,* that David Fischer abused his position of trust in Community by, *inter alia,* appropriating funds which rightfully belong to it or were to be used for the benefit of Community. Moreover, Israel Weinstock has represented to this Court that all of the parties which he represents in the actions pending in State court and Federal court have been made aware of his representation of multiple parties and have consented to it. Under such circumstances, disqualification is not necessary *(see Como v Commerce Oil Co., supra,* at 342-343; *Tadier v American Photocopy Equip. Co.,* 531 F Supp 35, 36; *Matter of Hof,* 102 AD2d 591, 593). Thompson, J. P., Balletta, Miller and Joy, JJ., concur.