**Wise v. U.S. Healthcare**

C.P. of Bucks County, no. 91-04390-20-1.

*Thomas C. Zielinski,* for plaintiff.
*William T. Renz, Henry F. Siedzikowski* and *Marvin L. Wilenzik,* for defendants.

McANDREWS, *J.,* January 19, 1996—This matter is before the court following defendant U.S. Healthcare's appeal to the Superior Court of an order the court entered on August 21, 1995, denying defendant's petition to disqualify Thomas C. Zielinski, Esquire, and the law firm of Cozen & O'Connor from continuing its representation of plaintiff Allen F. Wise in this litigation. Defendant appealed this order. A motion to quash the appeal was filed with the Superior Court on September 26, 1995, and denied by order dated December 18, 1995. This opinion is written in response to the appeal.

A review of the record and the docket presents the court with a lengthy and complex employment/trade secrets case. This action was commenced on May 2, 1991. Following an extensive and protracted period of discovery and motion practice between the parties, plaintiff filed a certification of trial notice under Bucks County Local Rule 261(b) on November 23, 1994. Defendant U.S. Healthcare subsequently had 60 days in which to complete all discovery in the case.

On February 1, 1995, 10 attorneys from the law firm of Wolf, Block, Schorr & Solis-Cohen joined the firm of Cozen & O'Connor. This case first appeared on the Bucks County trial list for the two-week period beginning May 30, 1995. On May 19, 1995, defendant USH filed a petition to disqualify Attorney Zielinski and the firm of Cozen & O'Connor from continuing their representation of plaintiff.

The basis of defendant's petition to disqualify stems from the fact that Wolf, Block, Schorr & Solis-Cohen once served as outside general counsel for defendant and, thus, because Cozen & O'Connor hired some 10 attorneys from the Wolf, Block firm, defendant maintained that Attorney Zielinski and the entire Cozen firm were precluded from continuing their representation of plaintiff.

Because of this petition, the court granted defendant's request for a continuance of the trial until September 1995. The court specified in its order of July 7, 1995, that no further continuances would be granted. After reviewing the briefs, and after extensive oral argument, the court by order dated August 21, 1995, determined that plaintiff's counsel should not be disqualified from

representing Mr. Wise in this action and denied the petition. Defendant filed a timely appeal as well as an emergency petition to stay the trial of this case pending this appeal.

Preliminarily, the court notes that disqualification is a harsh measure and is generally not favored by the courts. As the United States Court of Appeals for the Third Circuit has explained, a court:

"should disqualify an attorney only when it determines, on the facts of the particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. It should consider the ends that the disciplinary rule is designed to serve and any counterprevailing policies, such as permitting a litigant to retain the counsel of her choice and enabling attorneys to practice without excessive restrictions." *United States v. Miller,* 624 F.2d 1198, 1201 (3d Cir. 1980), quoted in, *Commonwealth Insurance Co. v. Graphix Hot Line Inc.,* 808 F. Supp. 1200, 1203 (E.D. Pa. 1992).

The court is also aware that a litigant's right to choose counsel is entitled to substantial deference. *Commonwealth Insurance Co., supra,* citing, *Hamilton v. Merrill Lynch,* 645 F. Supp. 60, 61 (E.D. Pa. 1986). Additionally, the court must prevent parties from using motions to disqualify opposing counsel for tactical purposes. *Id.*

The burden of proof in this case lies with the party seeking the disqualification of counsel. See *e.g., INA Underwriters Insurance Co. v. Nalibotsky,* 594 F. Supp. 1199, 1207 (E.D. Pa. 1984). The party seeking to disqualify opposing counsel must make a clear showing that continued representation would be impermissible. *Commercial Credit Business Loans Inc. v. Martin,* 590 F. Supp. 328, 335 (E.D. Pa. 1984).

Defendant's petition to disqualify counsel in this case focuses on the Rules of Professional Conduct relating to conflicts of interest involving former clients. More specifically, Rule 1.9(a) provides that an attorney may not represent a person in the same or a "substantially related" matter where that person's interests are materially adverse to the interests of the former client, absent the former client's consent following disclosure of the facts and circumstances. Rule 1.9(b) precludes the disclosure of non-public information relating to the representation of a former client to the former client's disadvantage, except where such disclosure is mandatory or permissive under Rule 1.6 relating to confidentiality of information.

Rule 1.10 of the Rules of Professional Conduct provides that an attorney at a law firm may not represent a client if any other attorney at the firm would be precluded from doing so under Rule 1.9, unless the attorney who previously represented the party whose interests are materially adverse to the firm's other client is "screened" from any participation in the matter. See Rule 1.10(b)(1). In order for the "screening" requirement to be in effect, however, the current representation must be in the same or a substantially related matter. In this case, the matters at issue clearly are not the same, and, in the court's opinion, neither matter is substantially related.

The substantial relationship test requires the court to consider the following three factors:

"(1) The nature and scope of the prior representation at issue;

"(2) The nature of the present lawsuit against the former client; and

"(3) Whether the former client disclosed confidences to the attorney which could be relevant and detrimental

to the former client in the present action." *Reading Anthracite Co. v. Lehigh Coal & Navigation Co.,* 771 F. Supp. 113, 115 (E.D. Pa. 1991).

After applying these principles of law to the facts of this case, the court determined that the requirements of the substantial relationship test had not been met and that, as such, defendant's petition to disqualify should be denied and the trial should proceed.

In their petition, defendant alleges that, among the attorneys who left Wolf, Block to join Cozen & O'Connor was Robert Fiebach, Esquire, a senior litigator. Defendant claims that Attorney Fiebach is presently one of Cozen & O'Connor's senior litigators and that plaintiff Wise's counsel, Attorney Zielinski, now reports directly to Fiebach concerning commercial litigation matters such as this case.

Defendants further allege that, from at least 1985-89, the Wolf, Block firm served as "outside general counsel" to defendant U.S. Healthcare. Defendant avers that, in this capacity, the firm, and those attorneys who left to join the Cozen firm, had access to a "range of confidential and privileged communications" with the defendant in this case. Defendant argues that these attorneys have acquired "information which can now be used against USH" in this case. The only specific representation of defendant USH by the Wolf, Block firm that was asserted in the petition was the case captioned, *In re U.S. Healthcare Inc. Securities Litigation,* civil action no. 88-0559 E.D. Pa., which involved allegations of stock manipulation and fraud against USH and some of its highest level officers. The pleadings in this securities class action lawsuit allegedly refer to Allen Wise's "involvement in high level meetings," as well as "Wolf, Block attorneys where business strategies

and business plans were conceived and implemented." Mr. Wise was deposed regarding that case in December 1988, and was represented during the deposition by Attorney Fiebach. Though defendant uses this example in order to attempt to establish that the former Wolf, Block attorneys were involved in issues with USH that are substantially related to this case, no substantive connection has been made. The two cases have virtually no connection, let alone a substantial relationship. Such averments simply do not meet the burden of the substantial relationship test set forth by our courts. The court could find no aspect of Wolf, Block's prior representation of USH which could possibly have any bearing, influence, or effect upon the issues involved in the present litigation. In addition, defendant does not provide the court with any further significant detail or substance to support this contention. In the court's opinion, this scenario is not nearly sufficient to meet the requirements of the substantial relationship test. Defendants, rather, argue only that the same Wolf, Block attorneys who previously represented defendant as outside general counsel "have now joined plaintiff's counsel against their former client," and that this situation can be remedied solely by the disqualification of Attorney Zielinski and the entire Cozen firm.

To the contrary, Attorney Zielinski has maintained that the petition to disqualify is merely an attempt to gain a tactical advantage in the case, presumably a delay of the trial. Attorney Zielinski noted that he has represented Allen Wise for over four years. Zielinski also noted that he is not supervised by Fiebach or any other Cozen attorney formerly employed at Wolf, Block. Zielinski further maintains that he has never discussed with Fiebach any aspect of Fiebach's prior representation of USH, and that he has not discussed the

substance of the present litigation with Fiebach or any other attorney from Wolf, Block who has joined him at Cozen & O'Connor. Finally, Attorney Zielinski has noted that his firm has a written confidentiality policy in place which is designed to "insure that no inappropriate disclosure of non-public information concerning USH is made to him or any other attorney employed by USH."

The court is also aware that Attorney Fiebach has averred, by affidavit, that he has not discussed with Attorney Zielinski any aspect of his former representation of USH. Fiebach specifically noted that he is unaware of any relationship whatsoever between the present case and the 1988 securities litigation or any other matter in which he, or any other former Wolf, Block attorney, may have represented defendant USH. The court is aware as well that Attorney Fiebach has worked in the attorney malpractice field, that he is the chair of the ABA Professional Liability Committee, and that he has served as the president of the Pennsylvania Bar Association (1993-94).

It is this court's determination that, based upon the foregoing information, the petition to disqualify was properly denied. The court found that there existed no conflicts of interest to preclude counsel's representation of plaintiff in this case, and that defendant was unable to meet the requirements of the substantial relationship test. Defendant was simply unable to sustain the heavy burden imposed upon a party seeking the disqualification of counsel. In addition, there has been no violation of the applicable Rules of Professional Conduct. The court deemed this case ready to proceed to trial without further delay, and such further delay serves only to prejudice the plaintiff in this case.