**B. Michael SCHNEIDER and Janine L. Bally, Plaintiffs–Appellants,**

**v.**

**COUNTY OF WILL, a municipal corporation, et al., Defendants–Appellees.**

No. 04–2058.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 26, 2004.*

Decided Jan. 21, 2005.

Rehearing and Rehearing En Banc Denied Feb. 23, 2005.

B. Michael Schneider, New Lenox, IL, pro se.

Janine L. Bally, New Lenox, IL, pro se.

John J. Piegore, Sanchez & Daniels, Chicago, IL, for Defendants–Appellees.

Before BAUER, WOOD, and WILLIAMS, Circuit Judges.

### ORDER

This appeal arises from a zoning and permit dispute between the County of Will,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Illinois, and would-be owners of a bed-and-breakfast establishment. Janine Bally purchased property within the county in 1999; she intended to lease it to Michael Schneider for use as a bed-and-breakfast. Before buying the property, Bally allegedly received assurances from various county officials that the Will County Board and its subordinate Planning and Zoning Commission and Land Use Committee would take the steps necessary to allow operation of the bed-and-breakfast. For reasons not at issue in this appeal, this never happened. Disappointed, Schneider and Bally filed a *pro se* complaint in federal district court against the County of Will and twelve members of the Will County Board in their official capacities, alleging that the Board's denial of permits for the bed-and-breakfast violated the Fair Housing Act, the Americans with Disabilities Act, and their constitutional due process and equal protection rights. During the course of the action, Schneider and Bally argued orally and in motions to the district court that the County of Will should be treated as if it had failed to appear, because it was represented by the private law firm of Kiesler & Berman, as opposed to the state's attorney for the County. Kiesler & Berman continues to represent the County in this appeal. The district court denied their motion to disqualify the firm and later granted summary judgment for the County and its board members.

On appeal Schneider and Bally do not address the district court's grant of summary judgment on the merits. Instead, they argue only that the district court should have granted their motion to disqualify the private firm and to appoint a special state's attorney to act in its place. This argument is based on their claim that the Will County state's attorney did not comply with the Illinois state statute that governs the appointment of special state's attorneys when he appointed the firm. See 55 ILCS 5/3–9008 (describing the power of courts to appoint special state's attorneys).

Typically, Illinois counties are represented in court by a state's attorney who has the duty "to defend all actions and proceedings brought against his county, or against any county or State officer, in his official capacity, within his county." 55 ILCS 5/3–9005(a)(4). The state's attorney is an elected official who coordinates and oversees the legal affairs of the county; he or she is not expected personally to attend to each case. One tool that the law provides to enable the state's attorney to carry out this responsibility is the authority to appoint assistant state's attorneys when authorized by the county board. 55 ILCS 5/4–2003. Another statute, ILCS 5/3–9006, confers on the state's attorneys the power to "control the internal operations of [the] office and procure the necessary equipment, materials and *services* to perform the duties of [the] office" (emphasis added). We need not resolve whether this authority is broad enough to empower a state's attorney to contract for legal services outside the context of 5/4–2003, as long as there is money in the budget for this purpose. Nor need we comment on whether the county board must authorize the employment of assistant state's attorneys one at a time, or whether it may (through appropriations) give advance authority. These questions, while perhaps interesting, are beside the point here, because Schneider and Bally's case runs into another insurmountable obstacle.

As we noted, Schneider and Bally take the position that Kiesler & Berman was not authorized to represent the County in this case, because only a court has the ability appoint a special state's attorney, see 55 ILCS 5/3–9008, and no court has done so. But regardless of whether Will County followed the proper state procedures for appointing Kiesler & Berman,

Schneider and Bally do not have standing to disqualify the firm in the context of this federal lawsuit. See *O'Connor v. Jones,* 946 F.2d 1395, 1399–1400 (8th Cir.1991) (no standing for prisoner seeking to disqualify private law firms hired as special assistant attorneys general). Schneider and Bally cannot show that the private law firm's representation of the County harmed them in any way.

The lack of any injury personal to them is fatal to their standing here. See *Elk Grove Unified School Dist. v. Newdow,* 542 U.S. 1, 124 S.Ct. 2301, 2308, 159 L.Ed.2d 98 (2004) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.") (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)); see also *Murchison v. Kirby,* 201 F.Supp. 122, 123 (S.D.N.Y.1961) ("[T]his is rather a strange procedure in that the moving party seeks not a definitive relief in connection with the action to which he is a party, but rather the collateral relief of depriving plaintiffs of their counsel."). The district court properly denied Schneider and Bally's motion. Moreover, even if they could somehow surmount the standing obstacle, the consequence would not have been a conclusion that the County had never appeared at all; it would simply have been an order by the court to substitute counsel.

Because of our resolution of this case, we DENY as moot the County's motion to strike the appellant's reply brief.

AFFIRMED.